IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEVEN L. HILL )
)
v. ) NO: 3:15-0155
)
YOSHI QUEZERGUE, et al. )

TO: Honorable William J. Haynes, Jr., Senior District Judge

# **R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered March 9, 2015 (Docket Entry No. 4), this prisoner civil rights action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues, motions, including discovery matters, to conduct any necessary conferences and hearings and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Plaintiff is a prisoner incarcerated at the Metro-Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee. On December 8, 2014, he filed a complaint in the Circuit Court for Davidson County, Tennessee, against Yoshi Quezergue, Yesenia Bermudez, Kizzy Hawkins, Michael Davis, and Corrections Corporation of America ("CCA"), alleging that the Defendants had violated his federal constitutional rights at the MDCDF and seeking compensatory damages, declaratory relief, and injunctive relief. See Complaint (Docket Entry No. 1-1). The

Defendants removed Plaintiff's action to this Court on February 20, 2015, see Notice of Removal (Docket Entry No. 1), and the Defendants have filed an Answer (Docket Entry No. 2).

Plaintiff alleges that, after being transferred to the MDCDF in April 2014, he wrote a letter to case manager Kizzy Hawkins asking if he could be placed in a special needs unit "due to his sexual orientation" and because he believed that family members of a defendant whom he was suing in another lawsuit were housed at the MDCDF. During a classification hearing held for Plaintiff, at which MDCDF corrections counselor Yoshi Quezerque and other prison officials were present, his letter was read aloud. After the hearing, Plaintiff was placed in "Fox Trot," a special needs unit for which Quezerque was the correctional counselor. Plaintiff alleges that "several inmates" told him that Quezerque "had shared" the confidential information contained in the plaintiff's letter "with another inmate in the housing unit." See Docket Entry No. 1-1, at 2. Plaintiff believes that his life was placed in danger because of the disclosure of the plaintiff's sexual orientation and the possibility that he could be housed with family members of the defendant named in the plaintiff's other lawsuit. Plaintiff was eventually moved to another housing unit but he contends that he may still be in danger.

Although Plaintiff does not allege that he suffered any actual violence or injury from another inmate or prison staff member because of the alleged disclosure of information, he contends that he has suffered "depression, mental anguish, fear, and humiliation." He alleges that he filed an informal resolution and a grievance about the matter, but that prison officials failed to respond to his resolution and grievance in accordance with prison policy and further failed to properly investigate the matter.

28 U.S.C. § 1915A requires the Court to review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity

and to dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from suit.

Review of Plaintiff's complaint shows that the instant lawsuit is the second lawsuit Plaintiff has filed based upon the events recounted in his Complaint. On August 26, 2014, he filed a prior federal civil rights action in this Court, <u>Hill v. Yoshi Quezerque, et al.</u>, Case No. 3:14-1756, against the same defendants that are named in the instant lawsuit. Both lawsuits are based on the same allegations and make the same claims of wrongdoing. Indeed, the Complaint in the instant lawsuit contains numerous paragraphs that are copied verbatim from the Complaint filed in the prior lawsuit. <u>See</u> Complaint (Docket Entry No. 1) in Case No. 3:14-1756.

After an initial review of Plaintiff's prior lawsuit, the Court dismissed with prejudice all claims against Corrections Corporation of America, Yesenia Bermudez, Kizzy Hawkins, and Michael Davis. <u>See</u> Order entered September 5, 2014 (Docket Entry No. 4), in Case No. 3:14-1756. Although the Court found that Plaintiff stated a colorable constitutional claim against Yoshi Quezerque based on allegations that Quezerque had violated Plaintiff's right to privacy by disclosing information about Plaintiff's sexual orientation, <u>id</u>., the claim against Quezerque was subsequently dismissed with prejudice upon the defendant's motion for summary judgment. <u>See</u> Orders entered February 2, 2015 (Docket Entry No. 37), and February 10, 2015 (Docket Entry No. 42) in Case No. 3:14-1756. Judgment was entered in the prior action on February 2, 2015 (Docket Entry No. 38) in Case No. 3:14-1756.

Plaintiff's prior federal court action, in which he raised claims that were substantially identical to those raised in the instant action and in which he sued the same defendants, was decided

3

against him and was on the merits. The prior federal dismissal with prejudice of the same claims is preclusive of the instant action and requires summary dismissal of the instant action under Section 1915A for failure to state a claim upon which relief can be granted. Johnson v. United States, 37 F. App'x 754, 755 (6th Cir. 2002); Armour v. McCalla, 16 F. App'x 305, 306 (6th Cir. 2001); Butts v. Wilkinson, 145 F.3d 1330 (6th Cir. 1998); Searcy v. Southern Health Partners, 2014 WL 5089945, *2 (M.D. Tenn. Oct. 8, 2014) (Sharp, J.); Link v. Sumner Cnty. Jail, 2010 WL 1138029, *1 (M.D. Tenn. Mar. 19, 2010) (Echols, J.).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that this action be DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon relief.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge